SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH WELLINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  12-0209 (RLW) |
| ) | |
| ) | |
| ISAAC FULWOOD, JR., *et al*. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION[1]

Plaintiff, a District of Columbia prisoner proceeding *pro se*, alleges that the Chairman and three Commissioners of the United States Parole Commission ("USPC" or "Commission") violated the Constitution's *ex post facto* clause when they allegedly allowed a hearing examiner to apply the Commission's guidelines set forth in regulations promulgated in 2000 to his initial parole hearing conducted on September 28, 2011.[2]  Plaintiff seeks to compel the USPC to apply "the 1987 Guidelines and parole [him] under the 1987 point system . . . or [his] immediate

---

[1]  This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the res judicata, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf*. Fed. R. App. P. 32.1.  Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition."  D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

[2]  The named defendants are USPC Chairman Isaac Fulwood, Jr., and USPC Commissioners Cranston J. Mitchell, Deborah A. Spagnoli, and Patricia K. Cushwa.  Compl. at 4.  The Court will assume without deciding that they are being sued in their official capacities and in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Case 1:12-cv-00209-RLW   Document 29   Filed 01/11/13   Page 2 of 8

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

release because he has served 85% of his time." Compl. at 5.  Defendants move to dismiss under Rules 12(b)(1), (b)(2), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure.  Defs.' Mot. to Dismiss [Dkt. # 21].  Since defendants have shown that the Commission applied the requested 1987 guidelines and plaintiff's release is not an available remedy in this civil action, the Court will grant defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[3]  It therefore will not address defendants' additional grounds for dismissal under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue.

## BACKGROUND

The court hereby adopts the recitation of plaintiff's criminal history set forth in *Wellington v. Hogsten*, No. 10-341-GFVT, 2012 WL 1805912, at *1-2 (E.D.Ky. May 17, 2012); *see* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss at 3 (quoting *Wellington*).  Notably, the Superior Court of the District of Columbia sentenced plaintiff on January 18, 1983, to a prison term of sixteen months to eight years following a burglary conviction.  Plaintiff began serving this sentence on January 22, 1986, after being paroled from a Maryland sentence for a prior offense.  After serving the minimum term on the D.C. sentence, plaintiff was released to a halfway house on May 20, 1987, to serve a six-month term.  On December 9, 1988, the then-

---

[3] Defendants argue that the Court lacks subject matter jurisdiction "to review Plaintiff's challenge to his [parole] denial because it presents a claim for which habeas provides exclusive relief." Mem. of P.&A. in Supp. of Defs.' Mot. to Dismiss at 9-10.  Habeas is the exclusive remedy when a prisoner's success would "necessarily imply or, automatically result in, a speedier release from prison." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1056 (D.C. Cir. 1998) (citation and internal quotation marks omitted).  Since, as noted later, plaintiff's success on his *ex post facto* claim would result in a new hearing, not his release, the Court is satisfied that it has subject matter jurisdiction over this claim.  *See* 28 U.S.C. § 1331 (conferring original jurisdiction in the district court to hear claims arising under the Constitution and federal law); *Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005) (concluding that state prisoners' constitutional challenge to state parole procedures seeking equitable relief "may be brought under [42 U.S.C.] § 1983").

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

D.C. Board of Parole issued a parole violator warrant based on plaintiff's escape from the halfway house and his commission of new crimes. The warrant was executed by plaintiff's arrest on March 5, 1990, and the Board eventually revoked plaintiff's parole and ordered him to serve the remainder of the eight-year sentence to its completion on April 16, 1995. On September 1, 1992, the Superior Court sentenced plaintiff to a prison term of 27 years to life following his convictions of assault with intent to rape while armed, assault with intent to commit sodomy while armed, and related firearms offenses, committed during his escape from the halfway house. *Wellington*, 2012 WL 1805912, at *1.

Plaintiff is currently confined at the Federal Correctional Institution in Manchester, Kentucky ("Manchester FCI"). On September 28, 2011, the USPC, having assumed responsibility for D.C. parolees in August 1998, held a parole hearing for plaintiff at Manchester FCI with regard to the 1992 Superior Court sentence. Defs.' Mot., Ex. 3 (Hearing Summary) [Dkt. # 21-1]. Applying "the 1987 Board guidelines for D.C. Code offenders," the USPC initially found in an action notice issued on November 10, 2011, that plaintiff's total point score of two qualified him for parole but determined that plaintiff posed "a more serious risk than shown by [his] point score" and denied his application for parole. The USPC scheduled plaintiff for a rehearing in March 2014. Defs.' Ex. 1 (Nov. 10, 2011, Not. of Action at 1); Compl. Attach., ECF pg. 10 (same). In departing upwardly from the guidelines to deny parole and to schedule the next parole hearing beyond the guidelines' presumptive time period of 12 months, the Commission found specifically that plaintiff's "participation in the BOP Sex Offender Treatment Program is critical to your success in the community and also critical to reduce the risk that you present to the community given your confining behavior in which you raped a female victim after producing a gun." *Id*. The Commission acknowledged plaintiff's "positive

contribution to the institution in the mentoring and prison industry programs," but decided to reevaluate plaintiff's risk factors at his rehearing in March 2014, after his participation in a sex offender treatment program. *Id*.

Plaintiff filed this civil action from Manchester FCI on February 9, 2012. On May 8, 2012, the Commission issued a corrected action notice to reflect a revision of plaintiff's salient factor score from five to three "because you have three or more prior commitments of more than 30 days . . . ." Defs.' Ex. 2 (May 8, 2012, Not. of Action at 1). The Commission recalculated plaintiff's total point score as three "under the 1987 Board guidelines for D.C. Code offenders," which "indicate[d] that parole should be denied and a rehearing scheduled." *Id*. Plaintiff's rehearing remains scheduled for March 2014.

## LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint . . . without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (citations omitted). This includes documents that are "referred to in the complaint and [] central to the plaintiff's claim.' " *Solomon v. Office of the Architect of the Capitol*, 539 F. Supp. 2d 347, 349-50 (D.D.C. 2008) (citing *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C.1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002)) (internal citations omitted). Since the Court is relying only on the Commission's notices of action and hearing summary that are either attached to the complaint or incorporated by reference, conversion of defendants' motion to dismiss pursuant to Rule 12(d) is not required. *See accord Phillips v. Fulwood*, 616 F.3d 577, 582, n.3 (D.C. Cir. 2010).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face." *Anderson v. Holder*, 691 F. Supp. 2d 57, 61 (D.D.C. 2010) (brackets omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (other citation and internal quotation marks omitted).  A court considering a Rule 12(b)(6) motion must construe the complaint in the light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).  However, where the well-pleaded facts in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct, the complaint has alleged – but [] has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citation and internal quotation marks omitted).

## ANALYSIS

"The Constitution declares that 'No . . . ex post facto Law shall be passed.' " *Phillips*, 616 F.3d at 580 (quoting U.S. CONST. art. I, § 9, cl. 3).  "A retroactively applied parole . . . regulation or guideline violates this prohibition if it creates a significant risk of prolonging [an inmate's] incarceration." *Id*. (quoting *Fletcher v. Reilly*, 433 F.3d 867, 877 (D.C. Cir. 2006)) (alterations in original); *see Fletcher*, 433 F.3d at 870 (finding "insignificant" to the court's disposition "[t]he parties['] and the case law[']s . . . reference to 'regulations,' 'rules,' and 'guidelines,' inter-changeably, in discussing the Board's and the Commission's parole/reparole regimes").

Plaintiff's *ex post facto* claim fails because it is based on the erroneous premise that the Commission applied its 2000 guidelines in his parole proceedings.  The notices of action show

Case 1:12-cv-00209-RLW   Document 29   Filed 01/11/13   Page 6 of 8

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

that the Commission considered plaintiff's parole suitability under the point scale system set forth in the 1987 guidelines applicable to D.C. Code offenders. Defs.' Exs. 1, 2; *see Taylor v. Reilly*, 685 F.3d 1110, 1115-16 (D.C. Cir. 2012) ("[T]he 1987 Regulations produce a point scale in which those with a lower point score are deemed suitable for parole. Both [the 2000 Regulations and the 1987 Regulations] allow for departures from their guidelines.") (citation omitted). Hence, this Court has no comparative analysis to perform. *See Fletcher*, 433 F.3d at 876-77 ("The controlling inquiry . . . is how the Board or the Commission exercises discretion in practice, and whether differences between the exercise of discretion in two systems actually 'create [] a significant risk of prolonging [an inmate's] incarceration.' ") (quoting *Garner v. Jones*, 529 U.S. 244, 251 (2000)) (alterations in original).

In an amendment to the instant complaint, plaintiff asserts that the Commission improperly considered "offense accountability," which he claims was not permitted under the 1987 guidelines to support a departure. Second Am. Compl. [Dkt. # 10] at 2. But, as was the case in *Phillips*, the Commission stated that plaintiff "represented 'a more serious risk' than his guideline range indicated," *Phillips*, 616 F.3d at 582, and the D.C. Circuit approved this factor as permissible under the 1987 guidelines to support an upward departure. *Id*. In any event, whether the Commission relied upon an improper factor to depart upwardly was rendered moot by the May 8, 2012, action notice that recalculated plaintiff's total point score as three, which under the 1987 guidelines warranted denial of parole. *Wilson v. Fulwood*, 772 F. Supp. 2d 246, 254 (D.D.C. 2011). Since the Commission decided to deny parole to plaintiff whether he scored a two or a three, any suggestion that the Commission's latter action was in retaliation for plaintiff's filing this lawsuit, *see* Pl.'s Response to the Defs.' Mot. to Dismiss ("Pl.'s Resp.") [Dkt. # 24] at 3-4, lacks a basis in fact.

As for plaintiff's demand to be released because he allegedly has served 85 percent of his sentence, Compl. at 5, this civil court lacks authority to release plaintiff from an unexpired sentence. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) ("The appropriate remedy for [a constitutionally deficient parole proceeding] is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence."). Such a claim is the exclusive province of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (other citations omitted). And this Court cannot entertain a petition from plaintiff to issue a writ of habeas corpus because it lacks jurisdiction over plaintiff's warden in Kentucky. *See Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *accord Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate . . . custodian is located") (internal citations and quotation marks omitted).

Finally, to the extent that plaintiff wants this court to review the merits of the Commission's parole determination, *see generally* Pl.'s Resp. and Supplemental Pleading [Dkt. # 25], "it is not the function of the courts to review the discretion of the [paroling authority] in the denial of applications for parole, or to repass on the credibility of reports and information received by the Board in making its determinations." *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976) (quoting *Brest v. Ciccone*, 371 F.2d 981, 982-83 (8th Cir. 1967)). Even when courts have examined the Commission's actions, the review has been "extremely narrow and limited to determining whether the Parole Commission acted arbitrarily or capriciously" or abused its discretion. *Romano v. Baer*, 805 F.2d 268, 270-71 (7th Cir. 1986).

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

Since the Commission's decision to deny plaintiff's application for parole and to schedule a rehearing after plaintiff's participation in a sex offender program was amply supported, judicial review of those administrative decisions is foreclosed.

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  A separate Order accompanies this Memorandum Opinion.

_____
ROBERT L. WILKINS
United States District Judge

Date:  January 11, 2013